UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LEE WILSON,

                              Plaintiff,

              -v-

JAYMI C. RITCHIE, Administrator Nurse, Five Point
C.F., and RN PROCTOR, Official and Individual
Capacity,

                              Defendants.

_____

DECISION AND ORDER
05-CV-6616 CJS

APPEARANCES

For Plaintiff:           Lee Wilson, *pro se*
                         94-A-7460
                         Elmira Correctional Facility
                         Box 500
                         Elmira, New York 14902

For Defendants:       Benjamin Bruce, Esq.
                         Assistant Attorney General
                         Office of the New York State Attorney General
                         144 Exchange Boulevard, Suite 200
                         Rochester, New York 14614

INTRODUCTION

Plaintiff, a prison inmate in the custody of the New York State Department of

Correctional Services ("DOCS"), is suing pursuant to 42 U.S.C. § 1983, alleging that

Defendants violated his Eighth Amendment rights by denying him appropriate medical

care.  Now before the Court is Defendants' motion for summary judgment [#16].  For the

reasons that follow, the application is granted.

1

BACKGROUND

Unless otherwise noted, the following are the undisputed facts of this case viewed in the light most favorable to Plaintiff.  At all relevant times Plaintiff was an inmate at  Five Points Correctional Facility ("Five Points").  Plaintiff had diabetes, for which he required a daily insulin injection.  Defendant Jaymi Ritchie ("Ritchie") and Defendant Wendy Proctor ("Proctor") were both employed as nurses at Five Points.  On June 17, 2004, Proctor, accompanied by a corrections officer, went to Plaintiff's cell, and Proctor advised him that they needed to escort him to the recreation area, so that she could give him his insulin injection.  Plaintiff refused to go.  Proctor then told Plaintiff to put his arm through his cell door's "feed-up slot," so that she could give him the injection at the cell.  However, Plaintiff refused, stating that the feed-up slot was unsanitary.  Ultimately, Plaintiff did not receive an insulin injection that day.  The following day, and for the next nineteen days, Plaintiff received his insulin injections from Proctor, by extending his arm through the feed-up slot.  Plaintiff filed two separate Inmate Grievances against Proctor, complaining about having to receive his injections in this manner.  Neither of the grievances mentions Ritchie, although the Inmate Grievance Resolution Committee ("IGRC") apparently contacted Ritchie concerning the first grievance.

On November 17, 2005, Plaintiff commenced the subject action against Proctor and Ritchie, alleging that they violated his rights under the Eighth Amendment, by denying him proper medical care.  On December 22, 2006, Defendants filed the subject motion for summary judgment [#16].[1]  In support of the motion, Proctor states that on

---

[1]Defendants served Plaintiff with an _Irby_ notice. *See*, Docket [#16].

June 17, 2004, she was told by corrections staff at Five Points that, since Plaintiff was assigned to the Special Housing Unit ("SHU"), he was not permitted to go to the facility medical center to receive medication. (Proctor Affidavit [#19] at ¶ 5). Proctor also maintains that Plaintiff refused to either place his arm through the cell door to receive his injection, or to go to the recreation area to receive the injection. Although Plaintiff did not receive his injection that day, Proctor indicates that she did not observe him "exhibit any signs of diabetic distress or symptoms of illness." Proctor states that on subsequent days, when Plaintiff agreed to place his arm through the cell door to receive his injections, she minimized the risk of infection, by "wip[ing] the injection site area on his arm with a sterile alcohol-moistened towelette before and after each injection," and that such procedure was "consistent with standard medical procedures in the community for giving insulin injections." (*Id*. at ¶ 12). Finally, Proctor states that, to her knowledge, Plaintiff never suffered "any adverse physical effects" from receiving his insulin injections in that manner. (*Id*. at ¶ 13). The Court subsequently issued a Motion Scheduling Order [#22], directing Plaintiff to file and serve any responsive papers on or before December 19, 2008. Plaintiff did not file opposition papers, and Defendants' factual assertions are therefore accepted as true. *See*, Local Rule 56.1(c).

ANALYSIS

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Fed.R.Civ.P. 56(c).  A party seeking summary judgment

bears the burden of establishing that no genuine issue of material fact exists. *See,*

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  "[T]he movant must make a

prima facie showing that the standard for obtaining summary judgment has been

satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.).  "In

moving for summary judgment against a party who will bear the ultimate burden of proof

at trial, the movant may satisfy this burden by pointing to an absence of evidence to

support an essential element of the nonmoving party's claim." *Gummo v. Village of*

*Depew*, 75 F.3d 98, 107 (2d Cir. 1996)(*citing Celotex Corp. v. Catrett*, 477 U.S. 317,

322-23 (1986)), *cert denied*, 517 U.S. 1190 (1996).

        The burden then shifts to the non-moving party to demonstrate "specific facts

showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e);  *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 250 (1986).  To do this, the non-moving party must present

evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249; *see*

*also*, FED. R. CIV. P. 56(e)("When a motion for summary judgment is made and supported

as provided in this rule, and adverse party may not rest upon the mere allegations or

denials of the adverse party's pleading, but the adverse party's response, by affidavits or

as otherwise provided in this rule, must set forth specific facts showing that there is a

genuine issue for trial.").  The underlying facts contained in affidavits, attached exhibits,

and depositions, must be viewed in the light most favorable to the non-moving party. *U.S.*

*v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  Summary judgment is appropriate only where,

"after drawing all reasonable inferences in favor of the party against whom summary

4

judgment is sought, no reasonable trier of fact could find in favor of the non-moving

party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993).  The parties may only carry their

respective burdens by producing evidentiary proof in admissible form. FED. R. CIV. P.

56(e).  Moreover, since Plaintiff is proceeding *pro se*, the Court is required to construe his

submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v.*

*Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).[2]

Plaintiff is suing pursuant to 42 U.S.C. § 1983, and the legal principles applicable to

such claims are well settled:

> In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a "person" acting "under the color of state law," and (b) that the defendant caused the plaintiff to be deprived of a federal right. See, *e.g., Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Additionally, "[i]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977).
>
> ***
>
> An individual cannot be held liable for damages under § 1983 "merely because he held a high position of authority," but can be held liable if he was personally involved in the alleged deprivation. *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir.1996). Personal involvement can be shown by:  evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995).

*Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122, 127 (2d Cir. 2004).

Plaintiff alleges that Defendant violated his Eighth Amendment rights in connection

---

[2]Plaintiff was served with an Irby notice. *See*, Docket [#25].

with his medical treatment, and the legal standard for such claims is clear:

> In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs. This standard incorporates both objective and subjective elements. The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind.
>
> Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation. [T]he Supreme Court [has] explained that the Eighth Amendment's prohibition on cruel and unusual punishments encompasses the deliberate failure to treat a prisoner's serious illness or injury resulting in the infliction of unnecessary pain and suffering. Because society does not expect that prisoners will have unqualified access to health care, a prisoner must first make this threshold showing of serious illness or injury in order to state an Eighth Amendment claim for denial of medical care. Similarly, a prisoner must demonstrate more than an inadvertent failure to provide adequate medical care by prison officials to successfully establish Eighth Amendment liability. An official acts with the requisite deliberate indifference when that official knows of and disregards an excessive risk to inmate health or safety, a state of mind equivalent to the familiar standard of 'recklessness' as used in criminal law.

*Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir.2003) (citations and internal quotations omitted). Courts have repeatedly held that disagreements over treatment do not rise to the level of a Constitutional violation. *See, Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998)("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."). Similarly, negligence constituting medical malpractice, without more, will not establish a constitutional claim. *Id*. (citation omitted).

In the instant case, the Court finds that, even assuming *arguendo* that Plaintiff had an objectively serious medical condition, he has not demonstrated a triable issue of fact as to the subjective prong of his Eight Amendment medical claim.  Specifically as to the

injections that he received through his cell door, Plaintiff has not provided evidentiary proof in admissible form that Defendants knew of and disregarded an excessive risk to his health or safety.  In that regard, Plaintiff has offered nothing to contradict Proctor's statement that she followed proper safety precautions.  Although Plaintiff alleges that receiving injections through the cell door feed-up slot put him in danger of infection, he has offered no evidentiary proof in admissible form to support that claim.  As for Plaintiff's claim that he was denied insulin on one occasion, he has similarly failed to demonstrate a triable issue of fact as to Defendants' subjective state of mind.  In that regard, Proctor offered to provide the insulin injection, but Plaintiff refused.  Additionally, Proctor indicates that Plaintiff suffered no harm as a result of missing one injection, and Plaintiff has offered no evidentiary proof in admissible form to dispute that. *See, Shabazz v. Lee*, No. 9:03-CV-1520, 2007 WL 119429 at *7 (N.D.N.Y. Jan. 10, 2007) (Finding no triable issue of fact as to deliberate indifference, where inmate "received nearly all of his prescribed medication," except for one occasion, when he "refused to wait for his blood test and insulin.").

## CONCLUSION

Accordingly, Defendant's summary judgment motion [#16] is granted, and this action is dismissed with prejudice.  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in

accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So Ordered.

Dated: Rochester, New York
        February 4, 2009            ENTER:


                                    /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge